IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| ERIC JOHNSON, | ) | C/A No.: 4:11-cv-2650-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| ERIC HOLDER, ATTORNEY GENERAL | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |

On September 1, 2011, Plaintiff Eric Johnson ("Plaintiff" or "Johnson") filed suit in the Court of Common Pleas of Williamsburg County, South Carolina against "Eric Holder, Attorney General Federal Bureau of Prisons." ECF No. 1-1. Plaintiff alleged unlawful discrimination in the course of federal employment in violation of Title VII of the Civil Rights Act of 1964, as amended, along with a state law claim for breach of contract. *Id.* On October 3, 2011, Defendant removed the action on the assertion of jurisdiction under 28 U.S.C. §1442(a)(1), which provides that a civil action commenced in state court may be removed to a federal district court when the action is against an officer of the United States, whether sued in an official or individual capacity, for any act under the color of such office. ECF No. 1.

This case is before the court on Defendant's Motion to Dismiss filed on April 19, 2012. ECF No. 19. On May 14, 2012, Plaintiff filed a memorandum in opposition to Defendant's motion. ECF No. 28. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C. Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration.

I. Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level ….

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II. Analysis

   A. Title VII Jurisdiction

Defendant contends that Plaintiff's Title VII action should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for employment discrimination claims brought in state court. ECF No. 19-1 at 3. Defendant further argues that although this matter was removed to the district court, the district court did not acquire jurisdiction by removal. *Id.* In response, Plaintiff contends that his Title VII claim should not be dismissed because "based on current case law from the Supreme Court of the United States the Courts have concurrent jurisdiction over the claims as presented by the Plaintiff." ECF No. 28 at 5.

The undersigned finds that the United States has not waived its sovereign immunity to be sued pursuant to Title VII in state court, and therefore, the South Carolina state circuit court lacked subject matter jurisdiction over Plaintiff's Title VII claim against Attorney General Eric Holder. In a recent Fourth Circuit opinion, decided after Plaintiff filed this case in state court, the court addressed the federal government's amenability to suit under Title VII. *See Bullock v. Napolitano*, 666 F.3d 281 (4th Cir. 2012). Citing to *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990), the court found that although congressional silence on the subject of concurrent jurisdiction in the context of Title VII permits an inference that state courts may adjudicate Title VII claims involving private employers, no such inference may be drawn with respect to the federal government as an employer. *Bullock*, 666 F.3d at 284-85. Instead, "[t]he United States has sovereign immunity from such suits and any waiver of that immunity must be 'unequivocally expressed' in a statutory provision, which the courts must construe in favor of the United States." *Id.* at 285 (*citing Lane v. Pena*, 518 U.S. 187, 192 (1996)). The Fourth Circuit

concluded that Title VII's silence regarding state court jurisdiction is insufficient to waive sovereign immunity whenever, as here, the federal government is a defendant. *Id.* at 285-86.

Accordingly, South Carolina state courts lack subject matter jurisdiction to hear Title VII cases against the United States and its agencies. Upon removal pursuant to 28 U.S.C. § 1442(a), a federal court acquires the subject matter jurisdiction of the state court from which the case was removed. *Bullock*, 666 F.3d at 286. Because the state court did not possess subject matter jurisdiction to hear the Title VII action, this court did not acquire jurisdiction to hear the Title VII claim upon removal. *Id.* at 286 (finding, under to doctrine of derivative jurisdiction, that because the state court did not have subject-matter jurisdiction over plaintiff's Title VII claim against the United States, then neither did the district court after the action was removed). Therefore, because this court lacks jurisdiction, the undersigned recommends that the court dismiss Plaintiff's Title VII claim of discrimination.

    B.   Breach of Contract Claim

Defendant cites to *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976), and argues that the court also lacks subject matter jurisdiction over Plaintiff's breach of contract claim because Title VII is the exclusive remedy for discrimination in federal employment for federal employees. ECF No. 19-1 at 4. Plaintiff argues that his state law claim for breach of contract should not be dismissed because "Defendant is liable to Plaintiff for failing to properly apply the policies of Defendant." *Id.* at 8.

The undersigned has reviewed the holding in *Brown* and finds that it does not act to pre-empt causes of action which, while arising from the same set of facts, are completely distinct from a plaintiff's discrimination claim. *See Afshari v. Leavitt*, No. 1:05-CV-127, 2006 WL 3030323, at *14 (N.D.W.Va. Oct. 23, 2006) ("Despite providing a broad scope of preemption,

[Title VII] cannot preempt causes of action that, while arising from the same set of facts, are completely distinct from discrimination.") (internal citations omitted). *See also, Schoolcraft v. Wabtec Passenger Transit,* No. 7:11–0294–TMC, 2011 WL 5909943, at *2 (D.S.C. Nov. 28, 2011), (finding that "where an anti-discrimination statute provides an exclusive remedy for a plaintiff's claims of discriminatory conduct, the plaintiff may still proceed with state law claims that 'are raised in order to vindicate personal injuries that extend beyond discrimination in the workplace'") (internal citations omitted).

Plaintiff's second cause of action for a breach of contract under state law alleges that the Defendant had certain "policies and procedures that set forth the equal employment opportunity procedure" and that Defendant "violated its own policies and procedures by failing to address the Plaintiff's EEO Reports." ECF No. 1-1 at 9. Plaintiff further alleges that "Defendant violated the agreement/contractual relationship with the Plaintiff" and that "Plaintiff is entitled to damages from Defendant for Defendant's illegal breach of the agreement/contractual relationship with the Plaintiff." *Id.*

The undersigned finds that plaintiff's allegations state a claim for breach of contract sufficiently distinct from his complaint of retaliation.[1] Accordingly, Title VII does not act, in the instant case, to deprive the court of subject matter jurisdiction over Plaintiff's second cause of action.

III. Conclusion

In light of the foregoing, the undersigned recommends that Defendant's Motion to Dismiss, ECF No. 19, be GRANTED as to Plaintiff's Title VII cause of action, and DENIED as to Plaintiff's state law breach of contract claim.

---

[1] With this finding, the Court makes no ruling on the sufficiency of the breach of contract allegations.

IT IS SO RECOMMENDED.

September 28, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge