IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC JOHNSON, | ) | C/A No.: 4:11-cv-2650-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC HOLDER, ATTORNEY GENERAL | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 1, 2011, Plaintiff Eric Johnson ("Plaintiff" or "Johnson") filed suit in the Court of Common Pleas of Williamsburg County, South Carolina against "Eric Holder, Attorney General Federal Bureau of Prisons." ECF No. 1-1. Plaintiff alleged unlawful discrimination in the course of federal employment in violation of Title VII of the Civil Rights Act of 1964, as amended, along with a state law claim for breach of contract. *Id.* On October 3, 2011, Defendant removed the action on the assertion of jurisdiction under 28 U.S.C. §1442(a)(1), which provides that a civil action commenced in state court may be removed to a federal district court when the action is against an officer of the United States, whether sued in an official or individual capacity, for any act under the color of such office. ECF No. 1.

This case is before the court on Defendant's Motions to Dismiss filed on April 19 and October 3, 2012. ECF Nos. 19, 45. On May 14 and October 29, 2012, Plaintiff filed memorandums in opposition to Defendant's motions. ECF Nos. 28, 49. Defendant filed a reply to Plaintiff's response, ECF No. 49, on November 1, 2012. ECF No. 51. The undersigned conducted a hearing on Defendant's Motions to Dismiss on November 29, 2012, at which both Plaintiff and Defendant appeared through counsel. During the hearing, Plaintiff's counsel

conceded that this court no longer has jurisdiction over Plaintiff's breach of contract claim.[1] Having considered the parties' briefs and argument, the undersigned submits this report recommending Defendant's motion to dismiss, ECF No. 19, be granted.

I.     Factual Background

During the time period relevant to his Complaint, Plaintiff was employed by the Federal Bureau of Prisons as a Utility System Operator in the Federal Correctional Institute Williamsburg facility. ECF No. 1-1 at 4. Plaintiff held that position for thirteen years. *Id*. at 5. During this same time period, Plaintiff twice applied for a position as a Utility Systems Operator Supervisor at the Metropolitan Detention Center Brooklyn, New York ("MDC Brooklyn"). *Id.* at 6. Plaintiff alleges that he did not receive the Supervisor position based on reprisal/retaliation arising out of Plaintiff's reporting violations of the Equal Employment Opportunity ("EEO") regulations and Plaintiff's wife's complaints of discrimination and retaliatory conduct. ECF No. 1-1. On March 19, 2010, Plaintiff filed an employment discrimination complaint against the Federal Bureau of Prisons alleging that he "was subjected to reprisal when he was notified on February 2, 2010 that he was not selected for a Utility Services Repairer Operation Supervisor position" at MDC Brooklyn. *Id.* at 5. Plaintiff received a final agency decision on his discrimination complaint on June 10, 2011. *Id.*

II.    Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Motions brought pursuant to Rule 12(b)(1) challenge whether the district court has jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). The court may dismiss a case for

---

[1] Plaintiff asserted that his damages now exceed the $10,000 threshold that gives the district court concurrent jurisdiction with the Court of Federal Claims over claims for money damages under the "Little Tucker Act," 28 U.S.C. § 1491; 28 U.S.C. § 1346 (a)(2).

lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in one of two ways: as a facial attack or as a factual attack. *See Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).

A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction; the court analyzes a facial attack as it would a motion to dismiss under Rule 12(b)(6) such that "[t]he allegations in the complaint are taken as true, and materials outside the pleadings are not considered." *Id.* A factual attack challenges the truthfulness of the jurisdictional allegations in the complaint, *id.*, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). However, if the court considers matters outside the pleadings, the court should apply the standard applicable to a motion for summary judgment. *Id.* Accordingly, to prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta*, 813 F.2d at 1559); *see also Dira v. Deutch*, 149 F.3d 1167, 1998 WL 276236, at *1 (4th Cir. May 26, 1998) (unpublished table decision) ("When such 'factual' challenges are asserted, a trial court may go

beyond the allegations of the complaint, weigh the evidence, and satisfy itself as to its jurisdiction to hear the case."). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Trentacosta*, 813 F.2d at 1558).

III.    Analysis

Defendant contends that Plaintiff's Title VII action should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for employment discrimination claims brought in state court. ECF No. 19-1 at 3. Defendant further argues that although this matter was removed to the district court, the district court did not acquire jurisdiction by removal. *Id.* In response, Plaintiff contends that his Title VII claim should not be dismissed because "based on current case law from the Supreme Court of the United States the Courts have concurrent jurisdiction over the claims as presented by the Plaintiff." ECF No. 28 at 5.

In a recent Fourth Circuit opinion, decided after Plaintiff filed this case in state court, the court addressed the federal government's amenability to suit under Title VII. *See Bullock v. Napolitano*, 666 F.3d 281 (4th Cir. 2012). Citing to *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990), the court found that although congressional silence on the subject of concurrent jurisdiction in the context of Title VII permits an inference that state courts may adjudicate Title VII claims involving private employers, no such inference may be drawn with respect to the federal government as an employer. *Bullock*, 666 F.3d at 284-85. Instead, the court found that "[t]he United States has sovereign immunity from such suits and any waiver of that immunity must be 'unequivocally expressed' in a statutory provision, which the courts must

4

construe in favor of the United States." *Id.* at 285 (*citing Lane v. Pena*, 518 U.S. 187, 192 (1996)). The Fourth Circuit concluded that Title VII's silence regarding state court jurisdiction is insufficient to waive sovereign immunity when, as here, the federal government is a defendant. *Id.* at 285-86. Accordingly, the undersigned finds that the United States has not waived its sovereign immunity to be sued pursuant to Title VII in state court, and therefore, the South Carolina state circuit court lacked subject matter jurisdiction over Plaintiff's Title VII claim against Attorney General Eric Holder. "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have jurisdiction." *Bullock*, 666 F.3d at 286 (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382 (1922)). Because the South Carolina state court did not possess subject matter jurisdiction over Plaintiff's Title VII action, this court did not acquire jurisdiction upon removal. *Id.* Therefore, because this court lacks jurisdiction, the undersigned recommends dismissal of Plaintiff's Title VII claim of discrimination.

IV.     Conclusion

In light of the foregoing, the undersigned recommends that Defendant's Motion to Dismiss, ECF No. 19, be GRANTED as to Plaintiff's Title VII cause of action. Because Plaintiff concedes that this court does not have jurisdiction over his breach of contract claim, the undersigned recommends that Plaintiff's breach of contract claim be dismissed. If the court accepts this recommendation, Defendant's arguments to dismiss Plaintiff's breach of contract claim in its Motions to Dismiss, ECF Nos. 19 and 45, will be moot.

IT IS SO RECOMMENDED.

November 30, 2012                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge