IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Johnson, | ) | Civil Action No.: 4:11-cv-02650-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Eric Holder, Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Eric Johnson filed this action against Defendant Eric Holder, the United States Attorney General, alleging unlawful discrimination in the course of his employment by the federal government. He asserts a cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as a South Carolina breach of contract claim. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant filed two motions to dismiss: one regarding the Title VII claim and the other concerning the breach of contract claim. ECF Nos. 19 & 45. These matters are now before the Court after the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] The Magistrate Judge recommends granting Defendant's motions and dismissing Plaintiff's Title VII and breach of contract claims for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was employed by the Federal Bureau of Prisons as a Utility System Operator in the Federal Correctional Institute Williamsburg facility. Plaintiff held that position for thirteen years. During this same time period, Plaintiff twice applied for a position as a Utility Systems Operator

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Supervisor at the Metropolitan Detention Center Brooklyn, New York ("MDC Brooklyn"). Plaintiff alleges that he did not receive the supervisor position—a retaliation arising out of Plaintiff's reporting violations of the Equal Employment Opportunity ("EEO") regulations and his wife's complaints of discrimination and retaliatory conduct. On March 19, 2010, Plaintiff filed an employment discrimination complaint against the Federal Bureau of Prisons, alleging that he was subjected to reprisal when was not selected for the supervisor position at MDC Brooklyn. Plaintiff received a final agency decision on his discrimination complaint on June 10, 2011. Compl., ECF No. 1-1.

On September 1, 2011, Plaintiff filed suit in the Court of Common Pleas of Williamsburg County, South Carolina, against Defendant. Plaintiff's claims consisted of a retaliation claim under Title VII and a South Carolina breach of contract claim. On October 3, 2011, Defendant removed the action on the assertion of jurisdiction under 28 U.S.C. § 1442(a)(1). Defendant then filed two motions to dismiss, on April 19 and October 3, 2012, contending that the Court did not have jurisdiction (1) of a Title VII claim against the United States that was initially filed in state court and (2) of a state breach of contract claim because Title VII is the exclusive remedy against the federal government and because the Court of Federal Claims has exclusive jurisdiction to hear breach of contract claims over $10,000 pursuant to the Tucker Act, 28 U.S.C. § 1491. ECF Nos. 19 & 45. The Magistrate Judge issued her R&R on November 30, 2012, recommending that Plaintiff's claims be dismissed for lack of subject matter jurisdiction. R&R, ECF No. 55. Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 56.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendant's motions and dismissing Plaintiff's Title VII and breach of contract[2] claims for lack of subject matter jurisdiction. Specifically, the Magistrate Judge concludes that the Fourth Circuit's recent opinion in *Bullock v. Napolitano*, 666 F.3d 281 (4th Cir. 2012) is on point and bars the Court from hearing Plaintiff's Title VII retaliation claim because it was improperly filed in state court. R&R 4-5. In objecting to the recommendation, Plaintiff asserts the recommendation was erroneous, contending that the Magistrate Judge and the

---

[2] The Magistrate Judge notes that, in the hearing on the motions, Plaintiff conceded that the Court did not have subject matter jurisdiction to hear his breach of contract claim and recommends dismissing the claim on that basis alone. Plaintiff does not specifically object to the Magistrate Judge's recommendation concerning the breach of contract claim. Accordingly, the Court finds it lacks subject matter jurisdiction to hear Plaintiff's breach of contract claim.

Fourth Circuit "ignored the statutory provisions and the Supreme Court's interpretation of" Title VII in *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990), which held that federal and state courts maintain concurrent jurisdiction to hear Title VII claims. Pl.'s Objs. 5-9.

Despite Plaintiff's objections, however, this Court is bound by the Fourth Circuit's recent decision in *Bullock*, which squarely addresses a federal district court's jurisdiction over Title VII cases against the United States that were removed from state court. There, the Fourth Circuit found that Congress did not waive the United States' sovereign immunity in Title VII to the extent that it could be sued in the state courts. *Bullock*, 666 F.3d at 286. Moreover, because the state courts lacked subject matter jurisdiction, a removal under 28 U.S.C. § 1442(a) could not cure any jurisdictional defects—irrespective of the fact that a district court would otherwise have jurisdiction. *Id.* This case presents an identical procedural posture to *Bullock*. The Court, thus, finds the Magistrate Judge's recommendation is proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's motions, the parties' briefs, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Defendant's motions to dismiss are **GRANTED** and Plaintiff's complaint is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

January 28, 2013
Florence, South Carolina